petitioners' desire to increase the number of bedrooms and to add a family room and a deck is a personal objective which is insufficient to meet the "practical difficulties" requirement *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Montalbano v Silva,* 204 AD2d 457; *Matter of Karneil v Bennett,* 186 AD2d 742; *Matter of Feit v Bennett,* 168 AD2d 495). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.

■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of TREVOR WOLFSON, Petitioner, v PIPER WOLFSON, Also Known as MARTELL, Appellant. (And Related Titles.) [644 NYS2d 625]

Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.

■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of TREVOR WOLFSON, Petitioner, v PIPER WOLFSON, Also Known as MARTELL, Appellant. (And Related Titles.) [644 NYS2d 746]

Under the circumstances presented here, the Family Court's determination regarding the Law Guardian's fee was not improper *(see, Hughes v Hughes,* 224 AD2d 389). We reduce the fee, however, by the amount charged for alleged paralegal work performed by the Law Guardian's legal secretary. Further, the court's direction that the parents be jointly and severally liable for the fee was an improvident exercise of its discretion where the parties had previously stipulated that the mother would be responsible for two-thirds of the fee and the